PAUL M. WARNER, United States Attorney (#3389)
PATRICK F. STOKES, Special Assistant United States Attorney
JENNIFER C. SMITH, Special Assistant United States Attorney
Attorneys for the United States of America
185 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
CLERK, U.S. DISTRICT COURT
-5 APR 00 PM 4: 32
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **2:00CR-0126C** |
| Plaintiff, | INDICTMENT |
| vs. | **Counts 1 -9: Aiding and Assisting in the Filing of False Tax Returns** |
| | 26 U.S.C. § 7206(2) |
| **ELLEN PRICE,** | **Count 10: Making and Subscribing a False Tax Return** |
| Defendant. | 26 U.S.C. § 7206(1) |

**THE GRAND JURY CHARGES:**

## BACKGROUND

During all times relevant to this Indictment unless otherwise indicated:

1.     Defendant **ELLEN PRICE,** 52, was a resident of Provo, Utah and a citizen of the

United States.

2.     From approximately the mid-1970's until the mid-1980's **PRICE** was employed

by the Internal Revenue Service as a Taxpayer Service Representative. In this position she

assisted taxpayers with the preparation of their tax returns.

3.      During the years relevant to this Indictment, **PRICE** operated a tax return preparation business called Harmon & Price. As of January 1993, **PRICE**, d.b.a. Harmon & Price, was preparing tax returns for taxpayers who lived in the Salt Lake City area. **PRICE** employed her son, Jeffrey Price, to perform data entry tasks for preparation of some of the tax returns. With respect to all tax returns charged in this Indictment, however, **PRICE** reviewed the tax returns and had ultimate responsibility for the preparation of the returns. In 1993 Harmon & Price registered with the State of Utah to perform accounting, auditing, and bookkeeping services. **PRICE** was the registered agent for Harmon & Price.

4.      Many of the taxpayers for whom **PRICE** prepared tax returns were self-employed and therefore were required to file a Schedule C as part of their federal income tax returns. A Schedule C is a form attached to a tax return for reporting the profit or loss from a sole proprietorship business.

5.      In the course of preparing tax returns, **PRICE** falsely reduced the amount of tax due for certain taxpayers in a variety of ways, including but not limited to: (a) understating gross receipts on Schedules C, (b) overstating the cost of goods sold on Schedules C, (c) overstating various other expenses on Schedules C, (d) fabricating Schedule C businesses, (e) falsely claiming the head of household standard deduction on Forms 1040, and (f) falsely claiming earned income credit on Forms 1040.

6.      **PRICE** received compensation for the preparation of taxpayers' tax returns. She was paid approximately $50 to $250 per return.

2

7.     In 1993, **PRICE** received significant income from the preparation of income tax returns, as well as from providing accounting and bookkeeping services.  **PRICE** failed to declare on her individual income tax return for calendar year 1993 the majority of the income she earned for that year.

## COUNT ONE

### (AIDING AND ASSISTING IN THE PREPARATION AND FILING OF A FALSE TAX RETURN )
(26 U.S.C. § 7206(2))

8.     The Grand Jury hereby incorporates and realleges the factual allegations contained in paragraphs 1 through 7 above.

9.     On or about April 15, 1994, in the District of Utah, defendant **PRICE** did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for Paul and Julie Wood for the tax year 1993, which was false and fraudulent as to a material matter, in that on the Schedule C attached to the Form 1040 for Paul and Julie Wood for tax year 1993, gross receipts were understated (Schedule C, Line 1), whereas, as the defendant then and there well knew and believed that the return she prepared for Paul and Julie Wood for tax year 1993 was false and fraudulent as to this material matter.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT TWO

### (AIDING AND ASSISTING IN THE PREPARATION
### AND FILING OF A FALSE TAX RETURN)
(26 U.S.C. § 7206(2))

10.     The Grand Jury hereby incorporates and realleges the factual allegations

contained in paragraphs 1 through 7 above.

11.     On or about April 15, 1995, in the District of Utah, defendant **PRICE** did

willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to

the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for

Paul and Julie Wood for the tax year 1994, which was false and fraudulent as to a material

matter, in that on the Schedule C attached to the Form 1040 for Paul and Julie Wood for tax year

1994:

    (a)     gross receipts were understated (Schedule C, Line 1),

    (b)     total expenses were overstated (Schedule C, Line 28), and

    (c)     net profit was understated (Schedule C, Line 31),

whereas, as the defendant then and there well knew and believed that the return she prepared for

Paul and Julie Wood for tax year 1994 was false and fraudulent as to these material matters.


        All in violation of Title 26, United States Code, Section 7206(2).

4

## COUNT THREE

### (AIDING AND ASSISTING IN THE PREPARATION
### AND FILING OF A FALSE TAX RETURN)
(26 U.S.C. § 7206(2))

12.     The Grand Jury hereby incorporates and realleges the factual allegations

contained in paragraphs 1 through 7 above.

13.     On or about April 15, 1995, in the District of Utah, defendant **PRICE** did

willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to

the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for

Ron K. Clarke for the tax year 1994, which was false and fraudulent as to a material matter, in

that on the Schedule C and Form 1040 for Ron K. Clarke for tax year 1994:

      (a)     cost of goods sold was overstated (Schedule C, Line 40),

      (b)     total expenses were overstated (Schedule C, Line 28),

      (c)     net profit was understated (Schedule C, Line 31), and

      (d)     head of household standard deduction was falsely claimed (Form 1040, Line 34),

whereas, as the defendant then and there well knew and believed that the return she prepared for

Ron K. Clarke for tax year 1994 was false and fraudulent as to these material matters.


All in violation of Title 26, United States Code, Section 7206(2).

## COUNT FOUR

### (AIDING AND ASSISTING IN THE PREPARATION
### AND FILING OF A FALSE TAX RETURN
(26 U.S.C. § 7206(2))

14.     The Grand Jury hereby incorporates and realleges the factual allegations

contained in paragraphs 1 through 7 above.

15.     On or about April 15, 1995, in the District of Utah, defendant **PRICE** did

willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to

the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for

Susan Carlson for the tax year 1994, which was false and fraudulent as to a material matter, in

that on the Form 1040 for Susan Carlson for tax year 1994:

(a)     earned income credit was falsely claimed (Form 1040, Line 56),

(b)     head of household standard deduction was falsely claimed (Form 1040, Line 34),

whereas, as the defendant then and there well knew and believed that the return she prepared for

Susan Carlson for tax year 1994 was false and fraudulent as to these material matters.


All in violation of Title 26, United States Code, Section 7206(2).

6

## COUNT FIVE

### (AIDING AND ASSISTING IN THE PREPARATION
### AND FILING OF A FALSE TAX RETURN)
(26 U.S.C. § 7206(2))

16.    The Grand Jury hereby incorporates and realleges the factual allegations contained in paragraphs 1 through 7 above.

17.    On or about August 15, 1994, in the District of Utah, defendant **PRICE** did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for Dale T. Brown for the tax year 1993, which was false and fraudulent as to a material matter, in that on the Schedule C attached to the Form 1040 for Dale T. Brown for tax year 1993:

(a)    cost of goods sold was overstated (Schedule C, Line 40),

(b)    total expenses were overstated (Schedule C, Line 28), and

(c)    net profit was understated (Schedule C, Line 31),

whereas, as the defendant then and there well knew and believed that the return she prepared for Dale T. Brown for tax year 1993 was false and fraudulent as to these material matters.


All in violation of Title 26, United States Code, Section 7206(2).

## COUNT SIX

**(AIDING AND ASSISTING IN THE PREPARATION
AND FILING OF A FALSE TAX RETURN)**
(26 U.S.C. § 7206(2))

18.     The Grand Jury hereby incorporates and realleges the factual allegations

contained in paragraphs 1 through 7 above.

19.     On or about October 14, 1994, in the District of Utah, defendant **PRICE** did

willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to

the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for

Alan and Anneta Foote for the tax year 1993, which was false and fraudulent as to a material

matter, in that on the Schedule C attached to the Form 1040 for Alan and Anneta Foote for tax

year 1993:

     (a)     cost of goods sold was overstated (Schedule C, Line 40),

     (b)     total expenses were overstated (Schedule C, Line 28), and

     (c)     net profit was understated (Schedule C, Line 31),

whereas, as the defendant then and there well knew and believed that the return she prepared for

Alan and Anneta Foote for tax year 1993 was false and fraudulent as to these material matters.


All in violation of Title 26, United States Code, Section 7206(2).

8

## COUNT SEVEN

### (AIDING AND ASSISTING IN THE PREPARATION
### AND FILING OF A FALSE TAX RETURN)
(26 U.S.C. § 7206(2))

20.     The Grand Jury hereby incorporates and realleges the factual allegations contained in paragraphs 1 through 7 above.

21.     On or about October 14, 1994, in the District of Utah, defendant **PRICE** did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for Larry and Sheri Adamson for the tax year 1993, which was false and fraudulent as to a material matter, in that on the Schedule C for Larry Adamson attached to the Form 1040 for Larry and Sheri Adamson for tax year 1993, gross receipts were understated (Schedule C, Line 1), whereas, as the defendant then and there well knew and believed that the return she prepared for Larry and Sheri Adamson for tax year 1993 was false and fraudulent as to this material matter.


All in violation of Title 26, United States Code, Section 7206(2).

9

## COUNT EIGHT

### (AIDING AND ASSISTING IN THE PREPARATION
### AND FILING OF A FALSE TAX RETURN)
(26 U.S.C. § 7206(2))

22.     The Grand Jury hereby incorporates and realleges the factual allegations

contained in paragraphs 1 through 7 above.

23.     On or about October 14, 1995, in the District of Utah, defendant **PRICE** did

willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to

the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for

Larry and Sheri Adamson for the tax year 1994, which was false and fraudulent as to a material

matter, in that on the Schedule C for Larry Adamson attached to the Form 1040 for Larry and

Sheri Adamson for tax year 1994:

     (a)     cost of goods sold was overstated (Schedule C, Line 40),

     (b)     total expenses were overstated (Schedule C, Line 28), and

     (c)     net profit was understated (Schedule C, Line 31),

whereas, as the defendant then and there well knew and believed that the return she prepared for

Larry and Sheri Adamson for tax year 1994 was false and fraudulent as to these material matters.


All in violation of Title 26, United States Code, Section 7206(2).

10

## COUNT NINE

### (AIDING AND ASSISTING IN THE PREPARATION
### AND FILING OF A FALSE TAX RETURN)
(26 U.S.C. § 7206(2))

24.    The Grand Jury hereby incorporates and realleges the factual allegations contained in paragraphs 1 through 7 above.

25.    On or about April 15, 1995, in the District of Utah, defendant **PRICE** did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a United States Individual Income Tax Return, Form 1040, for Tyler and April Jeffrey for the tax year 1994, which was false and fraudulent as to a material matter, in that the entire Schedule C attached to the Form 1040 for Tyler and April Jeffrey for tax year 1994 was fabricated, and in that on the Form 1040 for tax year 1994, total income was understated (Form 1040, Line 22), whereas, as the defendant then and there well knew and believed that the return she prepared for Tyler and April Jeffrey for tax year 1994 was false and fraudulent as to these material matters.


All in violation of Title 26, United States Code, Section 7206(2).

11

## COUNT TEN

### MAKING AND SUBSCRIBING A FALSE TAX RETURN
(26 U.S.C. § 7206(1))

26.     The Grand Jury hereby incorporates and realleges the factual allegations contained in paragraphs 1 through 7 above.

27.     On or about October 14, 1994, in the District of Utah, defendant **PRICE** did willfully make and subscribe a false United States Individual Income Tax Return, Form 1040, for the calendar year 1993, which was verified by a written declaration that it was made under penalties of perjury and which was filed with the Internal Revenue Service, which said income tax return the defendant did not believe to be true and correct as to every material matter in that the said income tax return understated gross receipts on the Schedule C attached to the Form 1040 (Schedule C, Line 1), whereas, the defendant then and there well knew and believed that her return was false and fraudulent as to this material matter.

All in violation of Title 26, United States Code, Section 7206(1).

A True Bill

_____
Foreperson of the Grand Jury

PAUL C. WARNER
United States Attorney

_____
Patrick F. Stokes
Special Assistant United States Attorney

_____
Jennifer C. Smith
Special Assistant United States Attorney

12